UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Estate Litigation Trust and as Trustee for the DBSI Private Actions Trust,<br><br>     Plaintiff,<br><br> v.<br><br>MARK ELLISON,<br><br>     Defendant. | Case No. 1:12-CV-00284-EJL-MHW<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

  On May 9, 2013,United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation in this matter, Dkt. 31. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff filed his limited objection on May 23, 3013, Dkt. 32. No objections or response to Plaintiff's limited objection was filed by Defendant. The matter is now ripe for the Court's consideration.

**ORDER - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Where the parties object to a report and recommendation, this Court shall make a de novo determination of those portions of the report which objection is made. *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). In this case, an objection was filed so the Court is required to conduct a de novo determination of the portion of the Report and Recommendation objected to.

**ORDER - 2**

## FACTUAL BACKGROUND

The Court adopts and incorporates by reference the factual background from the Report and Recommendation on pages 1- 5.

## OBJECTION

Judge Williams recommends that the negligent misrepresentation claim contained in Count 15 be dismissed without leave to amend as Idaho law does not allow such a claim except between an accountant and his client. Judge Williams indicates the Trustee has argued in favor of Idaho law applying to the other state law claims and the court should be consistent and dismiss a claim that is not allowed under Idaho law. The Trustee argues that it is premature to dismiss the claim as the alleged negligent misrepresentations by Ellison may have occurred towards investors outside Idaho and other states may allow a negligent misrepresentation claim.

The Court finds the most prudent course of action at this time is to grant the motion to dismiss Count 15 but grant Plaintiff leave to amend the allegations in the Complaint with specificity as to what states (for which a claim for negligent misrepresentation is recognized as a cause of action under the facts of this case) the Defendant made alleged negligent misrepresentations. Any alleged negligent misrepresentations that occurred in Idaho towards Idaho investors will not be allowed to

ORDER- 3

proceed as Idaho does not recognize such a claim under the facts of this case and those facts should not be included in the amended allegations.

## ORDER

**IT IS ORDERED:**

1. The Order and Report and Recommendation (Dkt. 31) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety unless otherwise modified by this Order.

2. Defendant's Motion to Dismiss (Dkt. 13) is **GRANTED IN PART AND DENIED IN PART** consistent with the Report and Recommendation and this Order.  Counts 12 (general negligence) and those portions of Counts 11 and 16 which deal with misappropriation are dismissed without leave to amend.  Counts 7, 8, 9, and 18 (legal malpractice, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty) are dismissed with leave to amend as stated in the Report and Recommendation.  Count 15 (negligent misrepresentation) is dismissed with leave to amend to incorporate specific allegations of negligent misrepresentation outside the State of Idaho and in such states that recognize a claim of negligent misrepresentation.  Idaho claims of negligent misrepresentation by Defendant are dismissed without leave to amend.  Claims for punitive damages arising from state law cause

**ORDER- 4**

of action are dismissed, with leave to amend as stated in the Report and Recommendation and in accordance wit the requirements of Idaho Code § 6-1604. The motion to dismiss is denied as to all other Counts not specifically identified above. Plaintiff may file their amended complaint within thirty (30) days of the date of this Order.

DATED: **September 24, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER-** 5